**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:07-CV-01776 (EGS) |
| | ) | |
| U.S. FOOD AND DRUG | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Rule 56(c) of the Federal Rules

of Civil Procedure, hereby moves for summary judgment on its Freedom of Information Act

claim against Defendant U.S. Food and Drug Administration.[1]  As grounds therefor, Plaintiff

states as follows:

**MEMORANDUM OF LAW**

I.    **Introduction.**

Plaintiff is entitled to summary judgment because Defendant has failed to comply with its

obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As shown below,

Defendant not only failed to fully respond to Plaintiff's FOIA request within the 20-day time

period required by law, but also failed to invoke the extension of time provisions expressly set

forth under FOIA.  While Defendant has responded in part to Plaintiff's request, its production is

---

[1]    Plaintiff's motion is for partial summary judgment because it has requested only part of the relief it seeks against Defendant.  Plaintiff reserves the right to file a subsequent motion for summary judgment or partial summary judgment to obtain production of any responsive records that may be listed on a *Vaughn* index submitted by Defendant that are not exempt from production.

far from complete and is currently long overdue. Under the circumstances, Plaintiff respectfully submits that it is entitled to summary judgment. Moreover, the summary judgment should declare that Defendant has failed to comply with its obligations under FOIA and should require Defendant to conduct a reasonable search and to produce all non-exempt, responsive records and a *Vaughn* index without further delay.

## II.    **Factual Background.**

This case concerns Plaintiff's efforts to obtain information from Defendant about the human papillomavirus ("HPV") vaccines Gardasil and Cervarix, as well as reports to Defendant regarding problems with these vaccines. Plaintiff also seeks communications between Defendants and third parties concerning the approval of any vaccines for HPV.

In furtherance of its investigation into these matters, on May 9, 2007, Plaintiff sent Defendant, by facsimile and by certified U.S. mail, return receipt requested, a FOIA request seeking access to any and all records concerning or relating to the following topics:

1.   Correspondence between Merck and the FDA regarding the vaccine Gardasil.

2.   Correspondence between GlaxoSmithKline (GSK) and the FDA regarding approval for the vaccine Cervarix.

3.   Correspondence regarding any new drug application seeking approval for prevention of human papillomavirus (HPV) and/or cervical cancer.

4.   Reports to the FDA by consumers, health professionals and FDA regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine.

5.   Third party communications encouraging the approval of any or all vaccines for HPV.

*See* Exhibit 1, Declaration of Deronda K. Grothe, ("Grothe Dec.") at ¶ 2.

On or about May 12, 2007, Plaintiff received a letter from Defendant acknowledging Defendant's receipt of Plaintiff's May 9, 2007 FOIA request. Grothe Dec. at ¶ 3. The communication did not include any responsive documents or contain any definitive statement as to when Plaintiff could expect to receive responsive documents from Defendant. *Id.*

On or about May 15, 2007, Plaintiff received a second letter from Defendant. Included with this letter was a CD-ROM containing Defendant's response to part four of Plaintiff's May 9, 2007 FOIA request. *Id.* at ¶ 4. This letter did not include any documents responsive to the other portions of Plaintiff's request, or contain any definitive statement as to when Plaintiff could expect to receive such documents from Defendant. *Id.*

Pursuant to the stautorily-mandated, 20-day deadline, Defendant's full response to the request was due on June 7, 2007. *Id.* at ¶ 5. However, no additional responsive records were produced on or before that deadline, nor was Plaintiff notified that responsive records were being withheld under any claim of exemption. *Id.*

Because it had not received any additional response to its May 9, 2007 FOIA request, Plaintiff sent a letter to Defendant on August 20, 2007, requesting an update as to the status of its May 9, 2007 FOIA request. *Id.* at ¶ 6. Plaintiff never received a response to this request for an update. *Id.* Plaintiff filed this lawsuit on October 3, 2007. *Id.*

Only after Plaintiff filed the instant lawsuit, did Defendant provide any additional information in response to Plaintiff's May 9, 2007 FOIA request. On or about February 9, 2008, Plaintiff received a letter from Defendant's Office of Chief Counsel, dated February 8, 2008, stating that the Chief Counsel's office had conducted a search and found no responsive documents. *Id.* at ¶ 7.

In addition, on or about February 12, 2008, Plaintiff received a letter from Defendant's Center for Drug Evaluation and Research–Office of Regulatory Policy. ("CDER-ORP") *Id.* at ¶ 8. Defendant's letter from CDER-ORP, dated February 11, 2008, stated that CDER-ORP had conducted a search and found no responsive records. *Id.*

Finally, on or about February 20, 2008, Plaintiff received a letter from Defendant which included an additional, partial response to Plaintiff's May 9, 2007 FOIA request in the form of a CD-ROM. *Id.* at ¶ 9. This letter was dated February 15, 2008, however, Plaintiff did not receive the letter or the CD-ROM until February 20, 2008. *Id.*

As of February 29, 2008, Defendant's response to Plaintiff's May 9, 2007 FOIA request remains incomplete. *Id.* at ¶ 10. However, during consultation with Defendant's counsel pursuant to the Court's December 20, 2007 Order for the parties to meet and confer, Defendant stated its intention to move for an *Open America* stay of Plaintiff's request, pushing back Defendant's response by no fewer than 38 months. Defendant filed its motion for stay on February 29, 2008.

**III.    Argument.**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the non-moving party has the burden of proof on an issue, the moving party is entitled to summary judgment if it shows the absence of evidence to support the non-moving party's claim or defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326-327 (1986). In addition:

> [I]n cases in which the nonmoving party will bear the burden of proof at trial, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing

party to come forward with some evidence or risk having judgment entered
against him.

10A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice And Procedure* §

2727, n.41 (3rd ed. 2001).

In a FOIA case, the government has the burden of proving compliance by showing that it

produced responsive records on time, that the records do not exist, or that an exemption from

disclosure applies on the facts.  5 U.S.C. § 552(a)(4)(B); *Kronberg v. United States Dep't of*

*Justice*, 875 F. Supp. 861, 865 (D.D.C. 1995) ("In order for summary judgment to be appropriate

in favor of the government in a FOIA case, the government must prove 'that each document that

falls within the class requested either has been produced, is unidentifiable, or is wholly exempt

from [the FOIA's] inspection requirements.'") (citing *National Cable Television Ass'n. v. FCC*,

479 F.2d 183, 186 (D.C. Cir. 1973)).  Thus, a court should grant summary judgment in favor of a

FOIA requestor unless an agency proves that it produced all responsive records in a timely

manner or demonstrates facts showing that the responsive records at issue were exempt from

disclosure.

In responding to a FOIA request, an agency is required to show that it made "a good faith

effort to conduct a search for the requested records, using methods that can be reasonably

expected to produce the information requested." *Nation Magazine v. United States Customs*

*Service*, 71 F3.d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. United States Department of the*

*Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  An agency is not required to search every record

system, but it "cannot limit its search to only one record system if there are others likely to turn

up the information requested." *Campbell v. United States Department of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).

Here, the facts clearly show that Defendant did not comply with its FOIA obligations. There is no genuine dispute that Defendant was required to produce all responsive documents and/or assert claims of withholding within the statutorily mandated, 20-day time period, but failed to do so. In addition, there is no genuine dispute that Defendant failed to invoke the "unusual circumstances" extension of time provisions of 5 U.S.C. § 552 (a)(6)(B). Nor can Defendant demonstrate exceptional circumstances exist under 5 U.S.C. § 552(a)(6)(C) that justify allowing Defendant yet more time to comply with FOIA or that Defendant has acted with due diligence in responding to Plaintiff's request.

In support of its *Open America* motion for a 38 month stay of this litigation, Defendant submitted a declaration from the Director of the Division of Freedom of Information, Frederick J. Sadler. *See* Exhibit 2. In his declaration, Sadler states that Defendant sent Plaintiff's FOIA request to the following 9 component offices within the Food and Drug Administration: (1) the Center for Biologics Evaluation and Research ("CBER"); (2) the Office of the General Counsel; (3) the Center for Drug Evaluation and Research; (4) the Division of Dockets Management; (5) the Office of Regulatory Affairs; (6) the Office of Legislation; (7) the Office of Public Affairs; (8) the Office of the Executive Secretariat; and (9) the Immediate Office of the Commissioner. Sadler Dec. at ¶¶ 12-14. Defendant tries to justify its request for a stay with respect to CBER only. *See generally*, Defendant's Motion for *Open America* Stay of Proceedings Pending Completion of the Search and Production of Documents.

With respect to the 8 other component offices, Sadler asserts that 3 of these offices, the Office of Chief Counsel, the Center for Drug Evaluation and Research, and the Office of Regulatory Affairs, searched for, but did not identify any responsive documents.[2]  Sadler Dec. at ¶¶ 14(b), (c), and (f).  Of these three offices, Sadler admits that Defendant notified Plaintiff only recently, in February 2008, that no responsive documents had been located.  *Id.* at ¶¶ 14(b) and (c) and Exhibits 4 and 5 thereto.  He further asserts that another office, the Division of Dockets Management, searched for and produced "several hundred pages" of responsive records on or about February 15, 2008, well after Plaintiff initiated this lawsuit in October 2007.  *Id.* at ¶ 14(d) and Exhibit 6 thereto.

Sadler also admits, however, that four of these component offices, the Office of Legislation, the Office of Public Affairs, the Office of the Executive Secretariat, and the Immediate Office of the Commissioner, currently are searching for and/or reviewing responsive documents.  Sadler Dec. at ¶¶ 14(f) (request still "pending"), (g) ("potentially responsive documents" "currently being reviewed for responsiveness and releasability"), (h) (same), and (i) ("currently conducting a search for potentially responsive documents").  Sadler further admits that Defendant only sent Plaintiff's May 9, 2007 request to the Office of the Executive Secretariat and the Immediate Office of the Commissioner on February 14, 2008 and February 19, 2008, respectively.  *Id.* at ¶ 13.

While Plaintiff will not argue the merits, or lack thereof, of Defendant's motion to stay here, it is clear that, other than with respect to CBER, Defendant has not even attempted to

---

[2]     Plaintiff does not concede here the adequacy of Defendant's searches for responsive records.

justify its failure to search for and produce responsive records within the time frame required by FOIA or otherwise demonstrate why its untimely response with respect to these eight other components should be excused. *See* 5 U.S.C. § 552(a)(6)(C). The only office other than CBER to produce responsive records, the Division of Dockets Management, did so on February 15, 2008, long after a response was due and more than 4 months after Plaintiff filed suit on October 3, 2007. Thus, based on Defendant's own declaration, there is no genuine dispute of material fact that Defendant's response to Plaintiff's request has been inadequate. Plaintiff is entitled to a judgment to this effect as a matter of law.

## IV.    Conclusion.

Defendant should not be permitted to delay indefinitely Plaintiff's request for information about HPV vaccinations, the safety of which is a matter of great concern to millions of Americans. FOIA requires timely and complete responses to Plaintiff's May 9, 2007 FOIA request, but to date, Defendant has only responded in part. Defendant cannot arbitrarily refuse to comply with FOIA and unilaterally extend its statutorily-mandated deadlines as it sees fit. For all the above reasons, summary judgment should be entered in Plaintiff's favor, and Defendant should be compelled to complete its production of documents responsive to parts one, two, three and five of Plaintiff's May 7, 2007 request and to produce a *Vaughn* Index without further delay.

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Jason B. Aldrich
D.C. Bar No. 495488
Paul J. Orfanedes
D.C. Bar No. 429716
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:07-CV-01776 (EGS) |
| | ) | |
| U.S. FOOD AND DRUG | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Local Civil Rule 56.1,

respectfully submits the following statement of undisputed material facts in support of its motion

for summary judgment:

1.    Plaintiff is a non-profit organization headquartered in Washington, D.C.  Affidavit

of Deronda K. Grothe ("Grothe Affidavit"), attached as Exhibit 1, at ¶ 1.

2.    On May 9, 2007, Plaintiff sent Defendant, by facsimile and by certified U.S. mail,

return receipt requested, a FOIA request seeking access to any and all records concerning or

relating to the following topics:

    i.    Correspondence between Merck and the FDA regarding the vaccine Gardasil.

    ii.   Correspondence between GlaxoSmithKline (GSK) and the FDA regarding
          approval for the vaccine Cervarix.

    iii.  Correspondence regarding any new drug application seeking approval for
          prevention of human papillomavirus (HPV) and/or cervical cancer.

      iv.      Reports to the FDA by consumers, health professionals and FDA regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine.

      v.      Third party communications encouraging the approval of any or all vaccines for HPV.

Grothe Affidavit at ¶ 2.

3.      On or about May 12, 2007, Plaintiff received a letter from Defendant acknowledging Defendant's receipt of Plaintiff's May 9, 2007 FOIA request. *Id.* at ¶ 3. The communication did not include any responsive documents or contain any definitive statement as to when Plaintiff could expect to receive responsive documents from Defendant. *Id.*

4.      On or about May 15, 2007, Plaintiff received a second letter from Defendant. Included with this letter was a CD-ROM containing Defendant's response to part four of Plaintiff's May 9, 2007 FOIA request. *Id.* at ¶ 4. This letter did not include any documents responsive to the other portions of Plaintiff's request, or contain any definitive statement as to when Plaintiff could expect to receive such documents from Defendant. *Id.*

5.      Pursuant to the statutorily-mandated, 20-day deadline, Defendant's full response to the request was due on June 7, 2007. 5 U.S.C. § 552(a)(6)(A)(i). However, no additional responsive records were produced on or before that deadline, nor was Plaintiff notified that responsive records were being withheld under any claim of exemption. Grothe Affidavit at ¶ 5.

6.      Because it had not received any additional response to its May 9, 2007 FOIA request, Plaintiff sent a letter to Defendant on August 20, 2007, requesting an update as to the status of its May 9, 2007 FOIA request. *Id.* at ¶ 6. Plaintiff never received a response to this request for an update. *Id.* Plaintiff filed this lawsuit on October 3, 2007. *Id.*

-2-

7.     Only after Plaintiff filed the instant lawsuit, did Defendant provide any additional information in response to Plaintiff's May 9, 2007 FOIA request.  On or about February 9, 2008, Plaintiff received a letter from Defendant's Office of Chief Counsel, dated February 8, 2008, stating that the Chief Counsel's office had conducted a search and found no responsive documents.  *Id.* at ¶ 7.

8.     In addition, on or about February 12, 2008, Plaintiff received a letter from Defendant's Center for Drug Evaluation and Research–Office of Regulatory Policy. ("CDER-ORP")  *Id.* at ¶ 8.  Defendant's letter from CDER-ORP, dated February 11, 2008, stated that CDER-ORP had conducted a search and found no responsive records. *Id.*

9.     Finally, on or about February 20, 2008, Plaintiff received a letter from Defendant which included an additional, partial, response to Plaintiff's May 9, 2007 FOIA request in the form of a CD-ROM.  *Id.* at ¶ 9.  This letter was dated February 15, 2008, however, Plaintiff did not receive the letter or the CD-ROM until February 20, 2008.  *Id.*

10.     As of February 29, 2008, Defendant's response to Plaintiff's May 9, 2007 FOIA request remains incomplete.  *Id.* at ¶ 10.

11.     In support of its *Open America* motion for a 38 month stay of this litigation, Defendant submitted a declaration from the Director of the Division of Freedom of Information, Frederick J. Sadler. See Exhibit 2 ("Sadler Dec.").  In his declaration, Sadler states that Defendant sent Plaintiff's FOIA request to the following 9 component offices within the Food and Drug Administration:  (1) the Center for Biologics Evaluation and Research ("CBER"); (2) the Office of the General Counsel; (3) the Center for Drug Evaluation and Research; (4) the Division of Dockets Management; (5) the Office of Regulatory Affairs; (6) the Office of

Legislation; (7) the Office of Public Affairs; (8) the Office of the Executive Secretariat; and (9) the Immediate Office of the Commissioner. Sadler Dec. at ¶¶ 12-14. Defendant tries to justify its request for a stay with respect to CBER only. *See generally*, Defendant's Motion for *Open America* Stay of Proceedings Pending Completion of the Search and Production of Documents.

12. With respect to the 8 other component offices, Sadler asserts that 3 of these offices, the Office of Chief Counsel, the Center for Drug Evaluation and Research, and the Office of Regulatory Affairs, searched for, but did not identify any responsive documents. Sadler Dec. at ¶¶ 14(b) (c), and (f). Of these 3 offices, Sadler admits that Defendant notified Plaintiff only recently, in February 2008, that no responsive documents had been located. *Id.* at ¶¶ 14(b) and (c) and Exhibits 4 and 5 thereto. He further asserts that another office, the Division of Dockets Management, searched for and produced "several hundred pages" of responsive records on or about February 15, 2008, well after Plaintiff initiated this lawsuit in October 2007. *Id.* at ¶ 14(d) and Exhibit 6 thereto.

13. Sadler also admits, however, that 4 of these component offices, the Office of Legislation, the Office of Public Affairs, the Office of the Executive Secretariat, and the Immediate Office of the Commissioner, currently are searching for and/or reviewing responsive documents. *Id.* at ¶¶ 14(f) (request still "pending"), (g) ("potentially responsive documents" "currently being reviewed for responsiveness and releasability"), (h) (same), and (i) ("currently conducting a search for potentially responsive documents"). Sadler further admits that Defendant only sent Plaintiff's May 9, 2007 request to the Office of the Executive Secretariat and the Immediate Office of the Commissioner on February 14, 2008 and February 19, 2008,

-4-

respectively. *Id.* at ¶ 13

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Jason B. Aldrich
D.C. Bar No. 495488
Paul J. Orfanedes
D.C. Bar No. 429716
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:07-CV-01776 (EGS) |
| | ) | |
| U.S. FOOD AND DRUG | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION OF DERONDA K. GROTHE

I, Deronda K. Grothe, hereby declare as follows:

1.      I am a researcher in the Investigations Department of Judicial Watch, Inc., a non-profit organization headquartered in Washington, DC, and the Plaintiff in the above-captioned matter.  I am familiar with Judicial Watch's May 9, 2007 Freedom of Information Act ("FOIA") request to the U.S. Food and Drug Administration ("FDA") for records regarding Gardisil, Cervarix, and other human papillomavirus ("HPV") vaccines, and have reviewed both Plaintiff's FOIA request and Defendant's production of records responsive to the request.

2.      On May 9, 2007, Plaintiff sent Defendant, by facsimile and by certified U.S. mail, return receipt requested, a FOIA request seeking access to any and all records concerning or relating to the following topics:

    i.      Correspondence between Merck and the FDA regarding the vaccine Gardasil.

    ii.      Correspondence between GlaxoSmithKline (GSK) and the FDA regarding approval for the vaccine Cervarix.

    iii.      Correspondence regarding any new drug application seeking approval for prevention of human papillomavirus (HPV) and/or cervical cancer.

iv..     Reports to the FDA by consumers, health professionals and FDA regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine.

v.     Third party communications encouraging the approval of any or all vaccines for HPV.

3.     On or about May 12, 2007, Plaintiff received a letter from Defendant acknowledging Defendant's receipt of Plaintiff's May 9, 2007 FOIA request. The communication did not include any responsive documents or contain any definitive statement as to when Plaintiff could expect to receive responsive documents from Defendant.

4.     On or about May 15, 2007, Plaintiff received a second letter from Defendant. Included with this letter was a CD-ROM containing Defendant's response to part four of Plaintiff's May 9, 2007 FOIA request. This letter did not include any documents responsive to the other portions of Plaintiff's request, or contain any definitive statement as to when Plaintiff could expect to receive such documents from Defendant.

5.     Pursuant to the stautorily-mandated, 20-day deadline, Defendant's full response to the request was due on June 7, 2007. 5 U.S.C. § 552(a)(6)(A)(i). However, no additional responsive records were produced on or before that deadline, nor was Plaintiff notified that responsive records were being withheld under any claim of exemption.

6.     Because it had not received any additional response to its May 9, 2007 FOIA request, Plaintiff sent a letter to Defendant on August 20, 2007, requesting an update as to the status of its May 9, 2007 FOIA request. Plaintiff never received a response to this request for an update. Plaintiff filed this lawsuit on October 3, 2007.

7.      Only after Plaintiff filed the instant lawsuit, did Defendant provide any additional information in response to Plaintiff's May 9, 2007 FOIA request.  On or about February 9, 2008, Plaintiff received a letter from Defendant's Office of Chief Counsel, dated February 8, 2008, stating that the Chief Counsel's office had conducted a search and found no responsive documents.

8.      In addition, on or about February 12, 2008, Plaintiff received a letter from Defendant's Center for Drug Evaluation and Research–Office of Regulatory Policy. ("CDER-ORP").  Defendant's letter from CDER-ORP, dated February 11, 2008, stated that CDER-ORP had conducted a search and found no responsive records.

9.      Finally, on or about February 20, 2008, Plaintiff received a letter from Defendant which included an additional, partial, response to Plaintiff's May 9, 2007 FOIA request in the form of a CD-ROM.  This letter was dated February 15, 2008, however, Plaintiff did not receive the letter or the CD-ROM until February 20, 2008.

10.      As of February 29, 2008, Defendant's response to Plaintiff's May 9, 2007 FOIA request remains incomplete.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 29, 2007 in Washington, D.C.

_____
Deronda K. Grothe

3

EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1:07-cv-01776 (EGS) |
| | ) |
| U.S. FOOD AND DRUG | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF FREDERICK J. SADLER

I, Frederick J. Sadler, declare as follows:

1. I am the Director of the Division of Freedom of Information (DFOI), Office of

Management Programs, United States Food and Drug Administration (FDA), located in

Rockville, Maryland. I have held this position since March 2007. I served as the Acting Director

of DFOI between December 2006 and March 2007. I previously served as the Denials and

Appeals Officer in DFOI from July 2000 to December 2006.

2. In my capacity as Director of DFOI, my responsibilities include supervising the

receipt, tracking, and distribution for processing of requests for FDA records under the Freedom

of Information Act (FOIA), 5 U.S.C. § 552. I also supervise the denials and appeals processes

for the agency, counsel agency components on information disclosure and privacy issues, and

serve as the agency's Privacy Officer.

3. The statements made in this declaration are based upon my personal knowledge,

information made known to me in my official capacity, and information available to me in my

official capacity and about which I have become knowledgeable.

4. I submit this declaration in support of the government's motion for a stay of proceedings in the above-captioned matter. The purpose of my declaration is to set forth DFOI's system for managing FOIA requests and DFOI's actions on plaintiff Judicial Watch, Inc.'s, FOIA request – which is one of approximately 11,400 FOIA requests received by DFOI in 2007.

DFOI'S SYSTEM FOR MANAGING FOIA REQUESTS

5. Under FDA's regulations at 21 C.F.R. § 20.40(a), all requests for FDA records must be made in writing to the Freedom of Information Staff at FDA, which is currently known as "DFOI." FDA has created an electronic tracking system, the Agency Information Management Systems (AIMS), to store and track requests for documents submitted pursuant to FOIA. DFOI began using the AIMS tracking system in January 2006. As of that time, when a FOIA request is received by DFOI, an FOI technician on my staff scans the request into a PDF format, logs and uploads the request into AIMS, and assigns the request a reference number. The reference number reflects the calendar year in which the request was received and the number of FOIA requests received by DFOI to date during that particular calendar year.

6. Under the AIMS system, once a FOIA request is logged in, the AIMS systems sends a letter to the requester acknowledging FDA's receipt of the request (the acknowledgment letter). The acknowledgment letter is sent by U.S. mail and leaves DFOI's office within one business day after the request is logged into AIMS. The acknowledgment letter also notifies the requester that FDA will respond to the request as soon as possible, and invites the requester to contact FDA at a designated phone number and address if the requester has any questions related to the request.

2

7. Because of FDA's size and the vast number of documents generated in the course of agency business, FDA has created a decentralized system for processing FOIA requests. Accordingly, after an FOI technician receives, scans, and logs an incoming request, he or she directs AIMS to forward, or "route," the request to the FDA office(s) most likely to possess responsive records (the action office(s)). I am available to consult with the FOI technicians in the event that the routing of a particular request is not clear from the text of the request.

8. FDA is composed of five centers responsible for regulating foods, drugs, devices, biologics, and veterinary medicine, and numerous regional and district offices across the United States. Each center has separate FOIA staff who are responsible for locating, organizing, reviewing, redacting, and producing documents responsive to FOIA requests for products regulated by that center. Most other offices have at least one staff member who is trained to respond to FOIA requests.

<u>DFOI'S ACTIONS ON JUDICIAL WATCH'S FOIA REQUEST</u>

9. By letter dated May 9, 2007, Judicial Watch submitted a FOIA request to FDA. <u>See</u> Letter from Plaintiff to FDA (May 9, 2007), Ex. 1. The request was received in DFOI on May 10, 2007. Plaintiff's request sought agency records, since January 2004, concerning the following subjects:

    (a)    correspondence between Merck and FDA regarding the vaccine Gardasil;

    (b)    correspondence between GlaxoSmithKline (GSK) and FDA regarding approval for the vaccine Cervarix;

    (c)    correspondence regarding any new drug application seeking approval for the prevention of human papillomavirus (HPV) and/or cervical cancer;

3

     (d)     reports to FDA by consumers, health professionals, and FDA-regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine; and

     (e)     third-party communications encouraging approval of any or all vaccines for HPV.

10.  DFOI logged in this request and assigned it reference number 2007-4707, reflecting that it was the 4,707th FOIA request FDA received during the calendar year 2007.

11.  By letter dated May 10, 2007, FDA acknowledged receipt of Judicial Watch's FOIA request and stated that the agency would respond as soon as possible.  See Letter from FDA to Plaintiff (May 10, 2007), Ex. 2.  This letter invited Judicial Watch to contact FDA at a telephone number and address provided therein if Judicial Watch had any questions related to the request.

12.  DFOI forwarded Judicial Watch's FOIA request to the Division of Disclosure and Oversight Management's Access Litigation and Freedom of Information Branch (ALFOI) in the Center for Biologics Evaluation and Research (CBER) because Judicial Watch's request seeks documents related to products within CBER's regulatory responsibility and, therefore, that agency component is most likely to have responsive documents.

13.  After forwarding Judicial Watch's FOIA request to CBER, DFOI determined that additional agency components might also have responsive records.  Accordingly, DFOI also forwarded Judicial Watch's request to the Division of Dockets Management (October 10, 2007), the Center for Drug Evaluation and Research (October 19, 2007), the Office of Chief Counsel (October 19, 2007), the Office of Public Affairs (October 19, 2007), the Office of Legislation (October 19, 2007), and Office of Regulatory Affairs (October 19, 2007).  DFOI forwarded Judicial Watch's FOIA request to the Office of Executive Secretariat (February 14, 2008) and the

4

Immediate Office of the Commissioner (February 19, 2008), as it became apparent that these agency components might also have responsive records.

14. As of the date I have signed my declaration, several of the FDA components have searched for documents potentially responsive to Judicial Watch's FOIA request. I have been informed that:

(a) CBER's ALFOI provided documents (on a CD ROM) to Judicial Watch but, because ALFOI's production was a partial response only,[1] the request is still open to CBER;

(b) the Office of Chief Counsel did not locate any responsive documents;[2]

(c) the Center for Drug Evaluation and Research did not locate any documents that are responsive to Judicial Watch's request;[3]

(d) the Division of Dockets Management provided several hundred pages of responsive documents to Judicial Watch;[4]

(e) the Office of Regulatory Affairs did not locate any responsive documents;[5]

(f) Judicial Watch's FOIA request is still pending in the Office of Legislation;

(g) potentially responsive documents from the Office of Public Affairs are currently being reviewed for responsiveness and releasability;

---

[1] See Letter from FDA to Plaintiff (May 14, 2007), Ex. 3.

[2] See Letter from FDA to Plaintiff (Feb. 8, 2008), Ex. 4.

[3] See Letter from FDA to Plaintiff (Feb. 11, 2008), Ex. 5.

[4] See Letter from FDA to Plaintiff (Feb. 15, 2008), Ex. 6.

[5] The Office of Regulatory Affairs "re-routed" the request to CBER, which indicates that that FDA component did not have any responsive documents.

5

(h)  potentially responsive documents from the Office of the Executive Secretariat are currently being reviewed for responsiveness and releasability; and

(i)  the Immediate Office of the Commissioner is currently conducting a search for potentially responsive documents.

15.  FDA takes its responsibilities in the administration of its FOIA program very seriously; however, the personnel resources available to the agency and its components are insufficient to keep up with the large number of requests received and the increased complexity of these requests.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Frederick J. Sadler
Director
Division of Freedom of Information
Office of Management Programs
Food and Drug Administration

Executed on February 27, 2008, in Rockville, Maryland.

6

05/09/2007 10:00 FAX 202 646 5199          JUDICIAL WATCH, INC.                    ☑002



## Judicial Watch™

### Because no one
### is above the law!

May 9, 2007

**VIA CERTIFIED MAIL & FAX**

Betty B. Dorsey
Director, FOI Staff
U.S. FOOD AND DRUG
  ADMINISTRATION (FDA)
5600 Fishers Lane (HFI-30)
Rockville, MD 20857
301-443-1726 fax
(Art. No.: 70051160000150194897)

**07-4707**

**RECEIVED**

MAY 1 0 2007

**FDA DFOI (HFI-35)**

Re:  **Freedom of Information Act Request**

Dear Ms. Dorsey:

        Pursuant to the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C.
§ 552, Judicial Watch, Inc. hereby requests that the U. S. Food and Drug Administration
(hereafter "FDA") produce the following agency records concerning the following
subjects within twenty (20) business days:

    1.  Correspondence between Merck and the FDA regarding the vaccine
        Gardasil.

    2.  Correspondence between GlaxoSmithKline (GSK) and the FDA regarding
        approval for the vaccine Cervarix.

    3.  Correspondence regarding any new drug application seeking approval for
        the prevention of human papillomavirus (HPV) and/or cervical cancer.

    4.  Reports to the FDA by consumers, health professionals and FDA
        regulated companies made to the Vaccine Adverse Event Reporting
        System regarding problems with the HPV vaccine.

    5.  Third party communications encouraging the approval of any or all
        vaccines for HPV.

        The time frame for this request is January 2004 to present.

---

501 School Street, SW  ▪  Suite 500  ▪  Washington, DC 20024  ▪  Tel: (202) 646-5172  ▪  (888) JW-ETHIC
Fax: (202) 646-5199  ▪  email: info@judicialwatch.org  ▪  Web Site: www.JudicialWatch.org

Ex. 1

05/09/2007 09:28 FAX 202 646 5199          JUDICIAL WATCH, INC.                    @003

Food and Drug Administration
FOIA Request
May 9, 2007 __
Page 2 of 7

For purpose of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, telegrams, teletypes, facsimiles, papers, forms, records, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail, meaning any electronically transmitted text or graphic communication created upon and transmitted or received by any computer or other electronic device, and all materials stored on compact disk, computer disk, diskette, hard drive, server, or tape; (3) any audio, aural, visual, or video records, recordings, or representations of any kind, including without limitation all cassette tapes, compact disks, digital video disks, microfiche, microfilm, motion pictures, pictures, photographs, or videotapes; (4) any graphic materials and data compilations from which information can be obtained; (5) any materials using other means of preserving thought or expression; and (6) any tangible things from which data or information can be obtained, processed, recorded, or transcribed. The term "record" also shall mean any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

**If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172.**

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. Judicial Watch, Inc. regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

05/09/2007 09:28 FAX 202 646 5199          JUDICIAL WATCH, INC.                              ☒004

**Food and Drug Administration**
**FOIA Request**
**May 9, 2007**
**Page 3 of 7**

As a member of the news media, Judicial Watch uses the following means, among others, to publish and disseminate its distinctive work to the public:

(1)    Judicial Watch maintains an Internet site, www.JudicialWatch.org, where the public can review records obtained through FOIA and read editorial works prepared by Judicial Watch, Inc., including news releases, based on FOIA materials. This website is viewed by over 20,000 people per day on average, and on several occasions, has logged up to 1,000,000 visitors in a single day.

(2)    Judicial Watch also publishes a monthly newsletter in which it publishes its own editorial works and presents, analyzes, and explains information it obtains through FOIA. Judicial Watch, Inc.'s newsletter is sent to approximately 140,000 individuals each month. The organization also utilizes an e-mail Infonet service that sends out updates of Judicial Watch's activities over the Internet to almost 18,000 persons.

(3)    Judicial Watch also periodically publishes and disseminates its own distinct works in the form of books and reports. For example:

- September 1998 – Judicial Watch, Inc. published the Interim Report on Crimes and Other Offenses Committed by President Bill Clinton Warranting His Impeachment and Removal from Elected Office. This 145-page report was accompanied by nearly 4,000 pages of supporting documentation and was crafted, in part, from the raw materials obtained by Judicial Watch through FOIA requests, among other regular means.

- August 1999 – Judicial Watch published Filegate Status Report, which is 136 pages long and is supported by nearly 1000 pages of documentation.

- March 2001 – Judicial Watch published The Judicial Watch Florida Recount, an independent, non-partisan analysis of the results of Florida's hotly contested 2000 Presidential election based upon a sampling of ballots reviewed by Judicial Watch pursuant to Florida's version of FOIA.

- February 2002 – Judicial Watch published The Judicial Watch 2002 "State of the Union" Report, Bush Administration Ethics Enforcement: "A Failure of Leadership."

- September 2002 – Judicial Watch published Fatal Neglect: The U.S. Government's Continuing Failure to Protect American Citizens from Terrorists.

Food and Drug Administration
FOIA Request
May 9, 2007__
Page 4 of 7

- November 21, 2003 – Judicial Watch produced Analysis of GAO Testimony: US
  Postal Service – Clear Communication With Employees Needed Before
  Reopening of Brentwood Facility. (GAO-04-2057T/October23, 2003).
  Comptroller General of the United States David M. Walker, in a reply to Judicial
  Watch's Analysis of GAO Testimony, wrote on December 17, 2003, "We view
  Judicial Watch as an important accountability organization in Washington, D.C."

- June 29, 2005 – Judicial Watch produced a special Report US Border Patrol
  Survey Analysis, an analysis of documents produced under FOIA.
  http://www.judicialwatch.org/borderpatrolreport.shtml

- February 3, 2006 – Judicial Watch held an educational panel at the National Press
  Club and published a Special Report of the event, "A Discussion of Ethics in
  Washington."
  http://www.judicialwatch.org/archive/2006/special-report-ethics.pdf

- May 9, 2006 – Judicial Watch produced The Clinton RU-486 Files, a special
  report of the Clinton administration's effort to put the abortion drug RU-486 on
  the market in the United States, based on documents obtained from the National
  Archives at the Clinton Presidential Library and in the course of a five year FOIA
  litigation battle between Judicial Watch and the U.S. Food and Drug
  Administration (FDA).  http://judicialwatch.org/archive/2006/jw-ru486-report.pdf

- June 15, 2006 – Judicial Watch publishes "Jesse Jackson Exposed," a special
  report details the intimidation and shakedown tactics of Jackson's so-called civil
  rights organization, the Rainbow Push Coalition.
  http://judicialwatch.org/archive/2006/jackson-report.pdf

- October 30, 2006 – Judicial Watch releases a special report "*Academia Semillas
  del Pueblo* (Seeds of the People Academy):  Training the Next Generation of
  Mexican Revolutionaries with American Tax Dollars."  The report includes
  excerpts of new documents obtained by Judicial Watch through the California
  Public Records Act that highlight the school's radical agenda.
  http://www.judicialwatch.org/archive/2006/SR_academia%20semillas.pdf

- November 27, 2006 – Judicial Watch publishes New Clinton White House
  Records Raise Disturbing Questions about Hillary Clinton and Abortion.  Judicial
  Watch's report includes excerpts of new documents obtained by Judicial Watch
  from the Clinton Presidential Library in Little Rock, Arkansas.
  http://www.judicialwatch.org/archive/2006/SR_Clinton%20abortion.pdf

\_ \_02 646 5199         JUDICIAL WATCH, INC.                    ☎006

**Food and Drug Administration**

**FOIA Request**

**May 9, 2007__**

**Page 5 of 7**

Judicial Watch also publishes and disseminates its distinctive work by participating in public conferences and seminars, including its own "Ethics in Government" conferences held in Pasadena, California (1999), Washington, DC (2000), and Miami, FL (2001).

Judicial Watch hold quarterly education panels at the National Press Club in Washington DC that have been televised by C-SPAN. Past panel discussions have been: "Defining 'Judicial Activism' in the Context of the Culture Wars," "A Discussion of Ethics in Washington," "The Case for Open Government," "Conservative Perspectives on the Alito Nomination," "The Role of Grassroots Groups in the Supreme Court Nominating Process," "New Fronts in the Immigration Battle," and "How to Fight Corruption in Government."

Judicial Watch also works with other media organizations to publish and disseminate distinctive work to the public, and representatives of Judicial Watch appear frequently on nationally broadcast television and radio programs. Judicial Watch has been granted press credentials at a number of national conventions and other events.

On February 16, 2005, Judicial Watch was rated by the highly respected capitol newspaper *The Hill* as being on of the nation's top ten "watchdogs."

Consequently, Judicial Watch qualifies for a waiver of search fees as a member of the news media. See *National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). In fact, Judicial Watch has been recognized as a member of the news media in other FOIA litigation. See *Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Dep't of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006).

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester. 5 U.S.C. § 552(a)(4)(A)(iii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The

**Food and Drug Administration**
**FOIA Request**
**May 9, 2007 __**
**Page 6 of 7**

particular records requested herein are sought as part of Judicial Watch ongoing efforts
document the operations and activities of the federal government and to educate the
public about these operations and activities.

Courts applying the "public interest" fee waiver provision of FOIA typically take
into account four factors in determining whether to grant a waiver: (1) whether the
subject of the requested records concerns the operations or activities of government; (2)
whether disclosure of the requested records is likely to contribute to an understanding of
government operations or activities; (3) whether disclosure of the requested records will
contribute to a "reasonably broad" audience and whether the requestor has the "ability
and intention" to disseminate the information to the public; and (4) whether disclosure of
the requested record will contribute "significantly" to the public understanding. See *D.C.
Technical Assistance Org. v. HUD*, 85 F. Supp.2d 46, 48-49 (D.D.C. 2000); 28 C.F.R. §
16.11(k)(2)(i)-(iv). Request for "public interest" waivers are to be judged on a case-by-
case basis." *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

Without question, the subject-matter of the request concerns the operations and
activities of government, namely the process pharmaceutical companies must go
thorough to demonstrate the safety of proposed vaccines. Disclosure of the requested
records is likely to contribute to an understanding of government operations and activities
and will appeal to a "reasonably broad" audience. The American public is obviously
interested in the safety and medical concerns of the drug approval process of the FDA.

Indeed, the American public deserves full disclosure of the details of the decision
of the FDA to approve Gardasil, or as it is commonly known as the HPV vaccine, as
recommended to prevent cervical cancer. Additionally, the HPV vaccine has been added
to the schedule of vaccines without extensive public disclosure of information about the
safety and effectiveness of the vaccine. Without question the public deserves full
disclosure of the information provided to the FDA during the approval process.

Once Judicial Watch obtains the requested records, it intends to analyze them and
disseminate the results of its analysis, as well as the records themselves, as a special
written report. Judicial Watch will also educate the public via radio programs, Judicial
Watch's website, and/or newsletter, among other outlets. It also will make the records
available to other members of the media or researchers upon request. Judicial Watch has
a proven ability to disseminate information obtained through FOIA to the public, as
demonstrated by its long-standing and continuing public outreach efforts, including radio
and television programs, website, newsletter, periodic published reports, public
appearances, and other educational undertakings.

Finally, disclosure of the requested records will contribute significantly to the
public's understanding because relatively little is known about the safety, long-term
effects and effectiveness of the HPV vaccine. Without question the records requested by

**Food and Drug Administration**
**FOIA Request**
**May 9, 2007**
**Page 7 of 7**

Judicial Watch will shed further light on this important matter.

Given these compelling circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. We take the statutory deadlines of the Freedom of Information Act very seriously – as does the Archivist of the United States:

"Let's face it, access delayed is access denied."
Dr. Allen Weinstein
Ninth Archivist of the United States
National Archives and Records Administration
September 26, 2006
American Society of Access Professionals Keynote Speech
Washington, DC

Thank you for your cooperation.

Sincerely,

Deronda Grothe
Program Manager

05/09/2007 09:26 FAX 202 646 5199        JUDICIAL WATCH, INC.                    ☐001

501 School Street, SW, Suite 500
Washington, DC 20024
Phone: 202-646-5172
Fax: 202-646-5199



# Fax

| To: | Betty Dorsey<br>Director, FOI Staff<br>Food and Drug Administration | From: | Dee Grothe<br>Judicial Watch |
|---|---|---|---|
| Fax: | 301-443-1726 | Date: | May 9, 2007 |
| Re: | Freedom of Information Act Request | Pages: | 8 (including cover) |

☒ Urgent    ☐ For Review    ☐ Please Comment    ☒ Please Reply    ☐ Please Recycle

•Comments:  If you do not receive all pages, please call 202-646-5172.

Original will follow by First Class mail.

2007 MAY -9 AM 11:21
PARKING & INFORMATION OFC

JUDICIAL WATCH INC                              05/10/2007
DEE GROTHE
501 SCHOOL ST SW STE 500                        In Reply refer to:
WASHINGTON  DC  20024                           2007-4707

                                                Your reference:


Dear Requester:

The Food and Drug Administration (FDA) has received your Freedom of Information Act
(FOIA) request for records regarding:

    MERCK - GARDASIL; GLAXOSMITHKLINE - CERVARIX RPTS, CORR, VAERS,
ETC

We will respond as soon as possible and may charge you a fee for processing your
request.  If you have any questions about your request, please call   us at 301-827-6567
or write to us at:

                    Food and Drug Administration
                    Division of Freedom of Information
                    5600 Fishers Lane, HFI-35
                    Rockville, MD 20857

If you call or write, use the reference number above which will help us to answer your
questions more quickly.


                                                                            Ex. 2

DEPARTMENT OF HEALTH & HUMAN SERVICES          Public Health Service

Food and Drug Administration
1401 Rockville Pike
Rockville, MD 20852-1448

May 14, 2007

Dee Grothe
Judicial Watch Inc.
501 School Street SW, Suite 500
Washington, DC 20024

In reply refer to file: F2007-4707

Dear Ms. Grothe,

This is a partial response to your Freedom of Information Act request dated May 9, 2007 in which you requested information relating to Gardasil vaccine. Enclosed are reports from the Vaccine Adverse Event Reporting System. Your request was received in the Center for Biologics Evaluation and Research on May 10, 2007 for processing.

We are providing the VAERS reports on CD-Rom in pdf format. The pdf files can be searched using the "find" f(click on "edit" on the top tool bar, then click "find" and enter the search term.) feature in adobe acrobat

Enclosed are reports that may be responsive to your request.

The following will be included in a monthly invoice:

| | | | | |
|---|---|---|---|---|
| Search | 1/4 Hour | $ | 10.25 |
| Reproduction | 1 CD-Rom | $ | 1.00 |
| Review | 0 Hour | $ | 0.00 |
| **Total** | | $ | **11.25** |

The above charges may not reflect final charges for this request. Please DO NOT send any payment until you receive an invoice from the Agency's Freedom of Information Staff (HFI-35).

If we can be of further assistance, please let us know by referencing the above file number. You can reach me by phone at 301-827-2000.

Sincerely,

*Ed Castilla*

Ed Castilla
Access Litigation and Freedom of Information Branch (HFM-48)
Center for Biologics Evaluation and Research

Ex. 3



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Office of the General Counsel

Office of the Chief Counsel
Food and Drug Administration
5600 Fishers Lane, GCF-1
Rockville, MD 20857

FEB  8 2008

Deronda Grothe
Judicial Watch
501 School Street, SW
Suite 500
Washington, D.C.  20024

Re: FOIA Request No. 2007-4707

Dear Ms. Grothe:

    Your request for records from the Food and Drug Administration dated May 9, 2007, was sent to the Office of the Chief Counsel.  This is to advise you that we have no responsive records from the Office of Chief Counsel.

Sincerely yours,

Ann H. Wion
Deputy Chief Counsel
for Program Review

cc:    HFI-35

Ex. 4



**DEPARTMENT OF HEALTH AND HUMAN SERVICES    Public Health Service**

Center for Drug Evaluation and Research
Office of Regulatory Policy
Division of Information Disclosure Policy

File No.:  F07-4707                                                        February 11, 2008

Deronda Grothe
Program Manager
Judicial Watch
501 School Street, SW
Washington, DC 20024

Dear Ms. Grothe:

This is in response to your letter dated May 9, 2007, in which you requested the following records for the time frame of January 2004 to present:

1.  Correspondence between Merck and the FDA regarding the vaccine Gardasil.
2.  Correspondence between GlaxoSmithKline (GSK) and the FDA regarding approval for the vaccine Cervarix.
3.  Correspondence regarding any new drug application seeking approval for the prevention of human papillomavirus (HPV) and/or cervical cancer.
4.  Reports to the FDA by consumers, health professionals and FDA regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine.
5.  Third party communications encouraging the approval of any or all vaccines for HPV.

Your request was received in the Center for Drug Evaluation and Research (CDER) on October 22, 2007.  CDER was one of the agency components assigned to process your request.

A search of CDER's records, including its internal electronic databases and the records of the Division of Antiviral Products, the Office of Oncology Drug Products, the Division of Drug Oncology Products, the Division of Biologic Oncology Products, and the Division of Drug Information, did not locate any responsive records.  Therefore, we have no documents to provide you.

If you have any questions or concerns regarding this matter, please do not hesitate to contact Claudia Zuckerman (301-827-3676) in FDA's Office of Chief Counsel.

Sincerely,

*Howard R. Philips*

Howard R. Philips
Supervisory Regulatory Counsel

cc:    Claudia Zuckerman, Esq.

Ex. 5



DEPARTMENT OF HEALTH & HUMAN SERVICES

_____

Food and Drug Administration
Rockville, MD 20857

DEE GROTHE                                  02/15/2008
JUDICIAL WATCH INC                          In Reply refer to:
501 SCHOOL ST SW STE 500                    2007-4707
WASHINGTON DC 20024

Dear Requester:

This is in reference to your request(s) for record(s) from the Food and Drug Administration
(FDA) pursuant to the Freedom of Information Act (FOIA).

MERCK - GARDASIL; GLAXOSMITHKLINE - CERVARIX RPTS, CORR, VAERS, ETC

The enclosed records responsive to your request were located within the Agency's Division of
Dockets Management. Other agency components will evaluate and respond to your request
under separate cover.

The following charges for this request to date may be included in a monthly invoice:
  Reproduction   Search   Review   Fiche   Other   Total

Reproduction=$0.00   Search=$0.00   Review=$0.00   Fiche=$0.00   Other=$0.00   Total=$0.00

All communications concerning this request should be identified with the reference number
above and addressed as follows:

          Food and Drug Administration
          Freedom of Information Staff, HFI-35
          5600 Fishers Lane (Room 6-30)
          Rockville, MD 20857

                              Sincerely Yours,

                              Theola Myo Khin
                              Freedom of Information Specialist

Enclosures:
  if indicated

Ex. 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:07-cv-01776 (EGS) |
| v. | ) | |
| | ) | |
| U.S. FOOD AND DRUG | ) | |
| ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion For Summary Judgment, any opposition thereto,

and the entire record herein, it is hereby

ORDERED that:

1.     Plaintiff's motion is GRANTED.

SO ORDERED.


DATE:_____          _____

                                               The Honorable Emmet G. Sullivan
                                               United States District Judge