UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:07-cv-01776 (EGS) |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO HOLD PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN ABEYANCE PENDING RESOLUTION OF MOTION FOR OPEN AMERICA STAY**

In Plaintiff's Opposition to Defendant's Motion to Hold Plaintiff's Motion for Summary Judgment in Abeyance ("Plaintiff's Opposition"), Plaintiff seems to take exception to the fact that various components of the FDA are continuing to process Plaintiff's FOIA request and are producing documents, while seeking an Open America Stay of the proceeding so that the entirety of the request can be processed.[1] This argument not only ignores the very purpose of the Open America Stay, which is intended to allow the agency time to complete the production without the need for intervention by the Court, but cuts against Plaintiff's very desire in this case to receive responsive documents in as quickly of a manner as possible. Plaintiff's attempt to resolve this matter by piecemeal summary judgment proceedings is unnecessary in light of the agency's recognized continued attempts to provide Plaintiff with all responsive documents, and is

---

[1] Plaintiff implies in its Opposition, that Defendant's Motion for a Stay has been filed out-of-turn. See Plaintiff's Opposition at 1. However, Plaintiff was well aware that Defendant planned to file a motion to stay the proceedings in this case. Nevertheless, despite that knowledge, Plaintiff chose to file for summary judgment.

counterproductive to the interest of judicial economy.[2/] Accordingly, the Court should grant Defendant's motion.

  1.  In its Opposition, Plaintiff implies that Defendant sought a stay in the proceedings solely for one component to process its request. What Plaintiff's Opposition fails to recognize is that not all of FDA's components receive the same number of FOIA requests, nor are they of the same complexity. As a result, agency components have different waiting periods in their respective FOIA queues. FDA does not hold up responses to FOIA requests until all components have completed their searches, reviews, and redactions before releasing responsive documents. Instead, each component proceeds as quickly as it can to produce documents in response to a FOIA request regardless of the position of the request in other agency components' FOIA queues.

  Here, Defendant noted in its Motion for an Open America Stay, that the other components of the FDA had received Plaintiff's request, had produced some responsive documents, and were working on the rest. See Defendant's Motion for an Open America Stay (Dkt. No. 10) at 3-5. Defendant further noted that the portion referred to the Access Litigation and Freedom of Information Branch (ALFOI) in the Center for Biologics Evaluation and Research was the most complex, and was going to require the most time to complete. Id. at 5-7.[3/]

---

  [2/]  In this respect, the case cited by Defendant in its motion to hold in abeyance, Fairview Hosp. v. Leavitt, 05-1065 (RWR), 2007 WL 1521233 at *3 (D.D.C. May 22, 2007), does support Defendant's position. Notably, Plaintiff has failed to cite even one case that supports its position.

  [3/]  Plaintiff incorrectly notes that the agency's response dated February 11, 2008, "came from CBER, which is supposedly the component that will need the 38 additional months to complete its work." Plaintiff's Opposition at 2, note 2. The response to which Plaintiff refers came from CDER (Center for Drug Evaluation and Research), not CBER (Center for Biologics Evaluation and Research). This distinction should have been apparent to Plaintiff – the February
(continued...)

Thus, the Defendant sought a stay to coincide with the component that is expected to take the longest. This approach is in Plaintiff's interest, and can hardly be described as "haphazard."

Additionally, it is not always possible to identify – at the outset of a FOIA request – every component within the agency that may possibly have responsive documents. Here, FDA generates a vast number of documents in the course of agency business and out of necessity created a decentralized system for processing FOIA requests. Sadler Dec. ¶ 7. Accordingly, FDA's main FOIA office (DFOI) forwards or routes the request to the FDA office(s) most likely to possess responsive records. Id. If, during the course of processing a FOIA request, it becomes apparent that another FDA component to which the request has not been routed may have responsive documents, DFOI will then forward the request to that component – as it did here for the Office of Commissioner's Immediate Office and Office of Executive Secretariat. Id. ¶ 13. Therefore, agency components that are processing a particular FOIA request may not have received that request from DFOI at the same time.

2. Plaintiff also takes issue with the fact that Defendant did not include a Vaughn Index with the responsive documents it produced from FDA's Office of Public Affairs. Plaintiff's Opposition at 3. However, as noted in the agency's cover letter sent with the response (see Plaintiff's Opposition at Ex. 1, p. 1), the FDA redacted the documents in an effort to "facilitate the process of responding." The cover letter states that, if Plaintiff "would like FDA to reconsider any particular deletion, please let us know in writing at the address listed below within 30 days from the date of this letter." Plaintiff has yet to inform FDA that it seeks to have the

---

[3]/(...continued)
11 letter states that CDER does not have any responsive documents and, thus, that component has completed processing Plaintiff's FOIA request.

3

agency reconsider any of its redactions. Thus, any delay in providing a "Vaughn Index" lies with Plaintiff, and not with the FDA.

                Respectfully submitted,

                /s/ Jeffrey A. Taylor
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                /s/ Rudolph Contreras
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                /s/ Darrell C. Valdez
                DARRELL C. VALDEZ, D.C. BAR # 420232
                Assistant United States Attorney
                Judiciary Center Building
                555 4th St., N.W., Civil Division
                Washington, D.C. 20530
                (202) 307-2843

Of Counsel:

JAMES C. STANSEL
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

CLAUDIA J. ZUCKERMAN
Associate Chief Counsel for Enforcement
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD 20857