IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:07-CV-01776 (EGS) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN
OPEN AMERICA STAY OF PROCEEDINGS**

Plaintiff Judicial Watch, Inc., by counsel, hereby submits this Opposition to Defendant's Motion for an *Open America* Stay of Proceedings Pending Completion of the Search and Production of Documents. As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

I.   **Introduction.**

This case concerns Plaintiff's efforts to obtain information from Defendant about the human papillomavirus ("HPV") vaccines Gardasil and Cervarix, as well as reports to Defendant regarding problems with these vaccines. Plaintiff also seeks communications between Defendant and third parties concerning the approval of any vaccines for HPV.

In furtherance of its investigation into these matters, on May 9, 2007, Plaintiff sent Defendant, by facsimile and by certified U.S. mail, return receipt requested, a FOIA request seeking access to any and all records concerning or relating to the following topics:

1.   Correspondence between Merck and the FDA regarding the vaccine Gardasil.

    2.      Correspondence between GlaxoSmithKline (GSK) and the FDA regarding approval for the vaccine Cervarix.

    3.      Correspondence regarding any new drug application seeking approval for prevention of human papillomavirus (HPV) and/or cervical cancer.

    4.      Reports to the FDA by consumers, health professionals and FDA regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine.

    5.      Third party communications encouraging the approval of any or all vaccines for HPV.

See Plaintiff's Motion for Summary Judgment ("Plaintiff's S.J. Mot.") at 2.

Pursuant to the meet and confer statement jointly filed by the parties on February 12, 2008, Plaintiff filed its motion for summary judgment in this matter on February 29, 2008. Defendant U.S. Food and Drug Administration ("FDA") filed the instant motion for an *Open America* stay the same day.

Defendant's motion effectively seeks to stay this entire matter for approximately three years despite the fact that it has, however belatedly, responded to a significant portion of Plaintiff's request. Plaintiff's position is that Defendant FDA is in violation of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and that a stay of any length is not appropriate. However, should the court rule that Defendant is entitled to a stay, Plaintiff respectfully submits that the stay should be narrowly drawn and should apply only to the single component of Defendant that Defendant's own motion states allegedly requires a stay. The remainder of this case should be permitted to move forward without delay.

## II.     Factual Background.

Over the past 10 months, Defendant has responded piecemeal to Plaintiff's May 9, 2007 FOIA request. Defendant first responded to Plaintiff's request on May 15, 2007, providing Plaintiff with a CD-ROM responsive to part 4 of Plaintiff's request. *See* Plaintiff's S.J. Motion at 3. However, Plaintiff did not receive any additional responses to its FOIA request until after it filed this lawsuit on October 3, 2007. *Id.*

Since that time, Plaintiff has received several additional responses to its request from Defendant. Defendant's Motion for *Open America* Stay ("Defendant's Motion") contains the Declaration of Frederick J. Sadler. ("Sadler Dec."). Mr. Sadler states that Plaintiff's FOIA request was forwarded to Defendant's Division of Disclosure and Oversight Management's Access Litigation and Freedom of Information Branch ("ALFOI") in the Center for Biologics Evaluation and Research ("CBER"). Sadler Dec. at ¶12.[1]

However, Sadler's Declaration also states that Defendant sent Plaintiff's FOIA request to 8 other component offices within the FDA: (1) the Office of the Chief Counsel; (2) the Center for Drug Evaluation and Research ("CDER"); (3) the Division of Dockets Management; (4) the Office of Regulatory Affairs; (5) the Office of Legislation; (6) the Office of Public Affairs; (7) the Office of the Executive Secretariat; and (8) the Immediate Office of the Commissioner. *Id.* at ¶¶ 12-14.

Plaintiff received responses from three of these agency components in February of 2008. Plaintiff's S.J. Motion at 3-4. Two of these components, the Office of Chief Counsel and CDER stated that they had found no responsive documents, while a third, the Division of Dockets

---

[1] It was CBER that responded in part to Plaintiff's request on May 15, 2007. *Id.* at ¶14.

Management, produced several hundred pages of responsive documents on or about February 15, 2008. *Id*. at 7.

Since filing its motion for summary judgment, Plaintiff has received responses from 3 more of the 8 additional components referenced by Mr. Sadler. On or about March 3, 2008, Plaintiff received responsive documents, some of which were redacted, from the Office of Public Affairs,[2] and on March 6, 2008 Plaintiff received responsive documents from the Immediate Office of the Commissioner and the Office of the Executive Secretary. Defendant informed Plaintiff for the first time in its motion to stay that the Office of Regulatory Affairs did not find any responsive documents. *See* Sadler Dec. at ¶14. Plaintiff's request is still pending in at least one other component, the Office of Legislation. Plaintiff's S.J. Motion at 7.

Defendant's motion makes clear that its request for a stay concerns only one component: CBER. Defendant argues that only CBER will allegedly require 38 months to complete processing Plaintiff's FOIA request. *See* Defendant's Motion at 2, 21. *See* also Declaration of Joanne Binkley ("Binkley Dec.") at ¶30. The other components at issue have been responding to Plaintiff's request, however belatedly. In addition, by letter dated March 7, 2008, Plaintiff informed Defendant that it no longer seeks documents from CBER responsive to part 4 of its May 9, 2007 FOIA request.[3] Plaintiff has requested that Defendant inform Plaintiff whether its narrowing of the request by will reduce the time allegedly needed by CBER to finish processing

---

[2] This production is dated February 28, 2008. However, Plaintiff did not receive it until March 3, 2008.

[3] During a telephone conversation with counsel for Defendant on March 20, 2008, counsel stated that it had not received a copy of the March 7, 2008 letter. Plaintiff resent the letter via fax later that evening.

the request.  As of today March 24, 2008, Plaintiff has not received a response from Defendant on this issue.

Under these circumstances, Defendant's motion for any stay, let alone a stay of 38 months is not appropriate.  Granting Defendant's motion will effectively prevent Defendant from having to explain its haphazard response to Plaintiff's FOIA request for at least another 3 years.

**III.  Argument.**

    **A.  Defendant's Motion for an Open America Stay Should Be Denied.**

        **1.  FOIA Requires Timely Production.**

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  FOIA also prevents excessive government secrecy.  In enacting FOIA, "Congress sought to open agency action to the light of public scrutiny."  *U.S. Department of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *see also Department of Justice v. Reporters Comm.*, 489 U.S. 749, 772 (1989); *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976).  Records are "presumptively disclosable unless the government can show that one of the enumerated exemptions applies." *Consumer Federation of Am. v. Department of Agriculture*, 455 F.2d 283, 287 (D.C. Cir. 2006) (quoting *Bureau of National Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1498 (D.C. Cir. 1984)).

Equally important to effectuating the purpose of FOIA is ensuring that agency records be disclosed in a timely manner.  As the legislative history of FOIA makes clear, Congress recognized that delay in releasing information can be "tantamount to denial" of access.  *See* H.

Rep. No. 876, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News, 6267, 6271.  "The value of information is partly a function of time." *Fiduccia v. U .S. Dep't of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999).  Consequently, agencies are required to determine within twenty days of the receipt of a request for records "whether to comply with such request" and "to immediately notify the person making such request of such determination and the reasons thereof."  5 U.S.C. § 552(a)(6)(A)(I).  This time limit can be extended by ten working days if the agency determines that "unusual circumstances" exist.  5 U.S.C. § 552(a)(6)(B).

Although nearly a year has passed since Plaintiff submitted its FOIA request to Defendant on May 9, 2007, Defendant has not fully responded to Plaintiff's request. A substantial portion of the response Defendant has made came nearly 9 months after it received the request, and only after Plaintiff filed this lawsuit to compel Defendant's compliance.  Now Defendant seeks a stay of 3 additional years for CBER complete its response to Plaintiff's request, which, combined with Defendant's Motion to Hold Plaintiff's Motion for Summary Judgment in Abeyance, will prevent Defendant from having to explain *any* of its behavior in this case until June 2011 at the earliest.  Defendant has simply failed to comply with its FOIA obligations.

### 2. Defendant Failed to Satisfy Its Burden of Demonstrating That a Stay Is Warranted.

FOIA's twenty day time limit may be extended if an agency makes a showing that it is facing "exceptional circumstances" and is "exercising due diligence" in responding to a request. *See* 5 U.S.C. § 552 (a)(6)(C)(I).  This "safety valve" provision was "carefully crafted to put a substantial burden on the government to justify to the courts any noncompliance with FOIA time limits." *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 617 (D.C. Cir.

1976). In *Open America*, the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") found that "exceptional circumstances" exist only when an agency meets the following test: (1) the agency is deluged with a volume of requests for information "vastly in excess" of that anticipated by Congress; (2) the agency's existing resources are inadequate to deal with the volume of such requests within the time limits set forth by FOIA; *and* (3) the agency can show that it is exercising due diligence in processing the request. *Open America*, 547 F.2d at 616.

In 1996, Congress passed the Electronic Freedom of Information Act Amendments ("E-FOIA Amendments") to address, in part, "the single most frequent complaint about the operation of the FOIA: agency delays in responding to FOIA requests." *See* H. Rep. No. 795, 104th Cong., 2d Sess., *reprinted in* 1996 U.S. Code Cong. & Admin. News, 3448, 3466. In enacting the E-FOIA Amendments, Congress declared:

> In *Open America* . . . the District of Columbia Circuit Court of Appeals held that exceptional circumstances exist when the agency can show it has inadequate resources to process FOIA requests within statutory time limits . . . Relying upon overly broad dictum in this case, agencies have employed the exceptional circumstances -- due diligence exception to obtain judicial approval for lengthy delays whenever they have a backlog.
>
> Backlogs of requests for records under the FOIA should not give agencies an automatic excuse to ignore the time limits.

*See* H. Rep. No. 795, 104th Cong., 2d Sess., *reprinted in* 1996 U.S. Code Cong. & Admin. News, 3448, 3456-57. With the E-FOIA Amendments, Congress doubled the time allowed to agencies to respond to FOIA requests, but expressly limited those circumstances previously considered exceptional:

> For purposes of this subparagraph, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under

this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.

5 U.S.C. § 552(a)(6)(C)(ii).  Courts have denied stays where agencies have shown no more than predictable workloads or have failed to show reasonable progress in reducing the backlog of pending requests.  *Leadership Conf. on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259 (D.D.C. 2005); *Wilderness Society v. U.S. Dep't of the Interior*, 2005 U.S. Dist. LEXIS 20042, *32-34 (D.D.C. September 12, 2005); *Hunter v. Christopher*, 923 F. Supp. 5, 8 (D.D.C. 1996).

### i.    Defendant Failed to Demonstrate the Existence of "Exceptional Circumstances" Warranting a Stay.

Defendant has failed to demonstrate that "exceptional circumstances" exist warranting a stay of this lawsuit, much less a stay of indefinite duration.

By Defendant's admission, only CBER allegedly requires 36 months, if not more, to process all 5 portions of Plaintiff's request.  Defendant's Motion at 2;  Binkley Dec. at ¶30. Specifically, Defendant's motion asserts that it will take a minimum of 30 months for Plaintiff's request to reach the front of the "complex track." Defendant's Motion at 21.  However, Defendant's motion does not separately consider the length of time that will be required for the request to reach the front of the "adverse event" track other than to say that the "the time necessary for processing item number 4 of Plaintiff's FOIA request, currently pending in the Adverse Event/complex sub-queue, is accounted for in these figures." Binkley Dec. ¶31, n.14. This is significant because, as stated above, Plaintiff has informed Defendant that it no longer seeks additional information responsive to part 4 of its request.

Defendant provides no estimate of the volume of records responsive to parts 1-3 and 5 of Plaintiff's request assigned to CBER's complex track. However, the nature of these items suggest that there is not a large volume of responsive records, especially considering that the other components that have searched for and produced records responsive to these parts of Plaintiff's request in far less than 36 months. Simply put, it is no longer clear, if it ever was, that Plaintiff's narrowed request amounts to a volume of information giving rise to "exceptional circumstances." At the very least, Defendant should be required to clarify to Plaintiff and the Court whether and by how much Plaintiff's narrowing of its request will reduce the amount of time Defendant requires to complete its response to Plaintiff's request before Defendant is granted a stay.

### ii.   Defendant Failed to Demonstrate That it Exercised "Due Diligence" in Responding to Plaintiff's Request.

Defendant's effort to show "due diligence" in responding to Plaintiff's request is lacking. Defendant attempts to show due diligence by explaining that one component made a partial response to a part of Plaintiff's request within a few days of receiving the request. Defendant's Motion at 19-20. Defendant fails to explain why its other piecemeal responses were delayed for nearly a year, and received only after Plaintiff filed this lawsuit. Nor does Defendant explain why Plaintiff's request was only sent to two components, the Office of the Executive Secretariat and the Immediate Office of the Commissioner 9 months after Defendant received the request. Simply put, Defendant has not demonstrated that it exercised "due diligence" *from the outset* in order to qualify for the relief Defendant seeks here. *Oglesby v. Department of the Army*, 920 F.2d 57, 62 n.3 (D.C. Cir. 1990) ("The court [has] authority to allow the agency additional time

to examine requested records in exceptional circumstances where the agency was exercising due diligence in responding to the request *and had been since the request was received.*") (quoting H.R. Conf. Rep. No. 1380, 93 Cong., 2d Sess. 11 (1974)) (emphasis added).

### B. Any Stay Granted to Defendant Should Apply Only to CBER.

There is no doubt that this Court has "broad discretion" in granting or denying stays so as to "coordinate the business of the court efficiently and sensibly." *McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Applying this general rule, Plaintiff again respectfully submits that any stay in this case should be granted only to CBER.

Seven out of 9 agency components have completed their response to Plaintiff's request, and one of the remaining two components, the Office of Legislation, has not argued that it requires a stay of any length. Thus, this case is clearly ready to proceed with respect to 8 out of 9 FDA components. Plaintiff respectfully submits that both it and this Court deserve an explanation *now* as to why Defendant took so long to respond to the request and why Defendant requires a stay of the *entire* case when, over the past six weeks, it is has shown itself quite capable of responding to other parts of Plaintiff's request. Defendant should also be required to explain why it waited nearly nine months before forwarding Plaintiff's request to two of the FDA components identified by Mr. Sadler. Plaintiff's S.J. Motion at 7.

Plaintiff notes that Defendant's response from the Office of Public Affairs contains numerous redactions that Defendant has made no effort as of yet to explain. There is no reason why Defendant should not be required to provide a *Vaughn* Index for those or any other withheld or redacted documents, so that Plaintiff can challenge Defendant's claims of exemption. Nor is

there any reason why adjudication of Defendant's claims of exemption should have to wait for 3 years to occur. Finally, Defendant should be required to explain why CBER still allegedly needs 38 months to respond to Plaintiff's request after Plaintiff has substantially narrowed the amount of documents it seeks. In sum, assuming any stay is appropriate, and it is not, it should only be granted as to CBER, not Defendant FDA as a whole.

**IV.     Conclusion.**

In sum, Defendant has failed to carry its burden of demonstrating that "exceptional circumstances" exist or that it has exercised "due diligence" in responding to Plaintiff's request. As a result, Defendant has failed to show that a stay, much less a stay of the entire case for 38 months is warranted.

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Jason B. Aldrich, Esq.
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:07-CV-01776 (EGS) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Opposition to Defendant's Motion for an *Open America* Stay of Proceedings Pending Completion of the Search and Production of Documents, and the entire record herein, it is hereby

ORDERED that:

1. Defendant's Motion is denied.

SO ORDERED: _____

Hon. Emmet G. Sullivan
United States District Judge

Date: