UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01776 (EGS) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR AN OPEN AMERICA STAY OF PROCEEDINGS**

In its Opposition to Defendant's Motion for an Open America Stay of Proceedings ("Plaintiff's Opposition"), Plaintiff omits crucial facts and legal analysis in order to create the mis-impression that the Defendant has failed to properly respond to Plaintiff's FOIA request. Indeed, hidden within its Opposition is an admission that Plaintiff has received responses from seven (7) of the nine (9) components within the FDA that were thought to have responsive documents. Thus, all that remains are responses from two components – the Center for Biologics Evaluation and Research (CBER) component, which serves as the basis for the FDA's Open America Stay request, and the Office of Legislation, which anticipates that a comprehensive search will be completed in the near future. Nevertheless, Plaintiff insists on going forward now with piecemeal summary judgment proceedings, which would have to be re-filed, amended or modified, depending on when the remaining components provide their responses.

In addition, Plaintiff fails to address key legal standards components from the relevant case law, in order to create the mis-impression that Defendant does not satisfy the requirements of the Open America Stay. However, when all the requirements are viewed in light of the facts

presented by the Defendant, it is evident that Defendant has fulfilled the requirements of an Open America Stay, and this Court should grant Defendant's Motion.[1]

Finally, Plaintiff fails to even address Defendant's reasonable offer to provide this Court and Plaintiff with periodic status reports regarding the place of Plaintiff's position in the CBER's complex request queue and the anticipated time to processing. Thus, even if the Court were to grant the stay, it may always revisit the issue regarding Plaintiff's request to proceed to summary judgment on the responses provided thus far, and Plaintiff is not prejudiced by the delay.

## ARGUMENT

As discussed at length in Defendant's motion for a stay, CBER's Access Litigation and Freedom of Information Branch (ALFOI) has an overwhelming workload and inadequate resources to manage that workload, including responding to FOIA requests such as Plaintiff's within FOIA's twenty-day time frame. Def. Mot. Stay at 14-18. Nevertheless, ALFOI has made reasonable progress on its FOIA request backlog (a thirty-four percent reduction in three years – from the end of 2004 through 2007) and has shown good faith and due diligence in processing FOIA requests, including Plaintiff's. Id. at 18-20. Under the Open America case law – see, e.g., Center for Biological Diversity v. Gutierrez, 451 F. Supp. 2d 57, 70 (D.D.C. 2006); Appleton v. Food and Drug Admin., 254 F. Supp. 2d 6, 8-9 (D.D.C. 2003); Edmond v. United States Attorney, 959 F. Supp. 1, 3 (D.D.C. 1997) – a stay of proceedings is appropriate here.

---

[1] A declaration from Lisa C. Granger, Supervisory Congressional Analyst, Office of Legislation ("Granger Decl.") and a second declaration from Joanne Binkley ("Binkley 2d Decl.") are attached as Tabs D and E, respectively.

A.  **Defendant Has Demonstrated the Required Elements for an Open America Stay.**

Although Plaintiff alleges that Defendant "failed to demonstrate that 'exceptional circumstances' exist" (Pl. Opp. Stay at 8), Plaintiff's arguments do not rebut Defendant's position. In fact, Plaintiff's Opposition reveals a fundamental misunderstanding of the Open America standard for a stay of proceedings.

Plaintiff asserts that "it is no longer clear" that its "narrowed request amounts to a volume of information giving rise to 'exceptional circumstances.'" Pl. Opp. Stay at 9. By this statement, Plaintiff appears to suggest that the Open America standard can be met only if an *individual requester's FOIA request* creates the type of workload burden contemplated by the exceptional circumstances requirement. Plaintiff cites no case law – nor could it – to support its analysis, which overlooks all of the other information disclosure burdens (i.e., other pending FOIA requests, litigation-related document production, documents to be posted on the internet) faced by agency staff processing FOIA requests. Cf., e.g., Edmonds v. Fed. Bureau of Investigation, 417 F.3d 1319, 1321 n.2 (D.C. Cir. 2005) (noting that whether an agency "'is deluged with a volume of requests for information vastly in excess of that anticipated by Congress'" is one factor of exceptional circumstances (*quoting* Open America, 547 F.2d at 616)); Electronic Frontier Found. v. Dep't of Justice, 517 F. Supp. 2d 111, 117 (D.D.C. 2007) (noting that the size and complexity of FOIA requests received by an agency, as well as the agency's other information access obligations, such as the number of court-ordered document requests, are relevant to a judicial determination of exceptional circumstances).

In support of its motion for a stay, FDA provided declarations explaining the need for a stay of at least thirty-eight months to allow ALFOI in the agency's CBER component to finish processing Plaintiff's FOIA request.[2]  The declarations describe:  (1) ALFOI's document production processes, its workload, and its FOIA backlog-reduction efforts; (2) DFOI's (FDA's main FOIA office) FOIA process; and, (3) the agency's specific actions to address Plaintiff's FOIA request.  Based on the information contained in the declarations, Defendant has made the requisite showing of the existence of exceptional circumstances and good faith and due diligence in complying with FOIA requests.  Defendant, therefore, has met the Open America standard for a stay of proceedings.

Plaintiff's Opposition fails to overcome the facts presented by Defendant demonstrating that a stay is warranted.  Plaintiff does not dispute that ALFOI:  (1) faces a deluge of requests in excess of the volume anticipated by Congress; (2) has inadequate resources to manage the deluge; (3) has made reasonable progress to reduce its FOIA request backlog; and (4) processes FOIA requests on a first-in, first-out basis.  See Def. Mot. Stay at 14-20 (describing how ALFOI has demonstrated the exceptional circumstances and due diligence requirements for a stay).

---

[2]  Declarations from Frederick J. Sadler, Director of the Division of Freedom of Information (DFOI), Office of Management Programs, Office of the Commissioner (Sadler Decl.), and Joanne Binkley, Deputy Director of the Office of Communication, Training and Manufacturers Assistance, CBER (Binkley Decl.), are attached at Tabs A and B, respectively, to Defendant's motion for a stay.

### B. Plaintiff's Clarification of FOIA Request Item Number Four Does Not Affect the Existence of Exceptional Circumstances or the Amount of Time ALFOI Needs to Process Plaintiff's Request.

Plaintiff also alleges that its "narrowed" FOIA request should not take CBER the estimated thirty-eight months to finish processing its request.[3] Pl. Opp. Stay at 8-9. For the reason already noted to the Court and Plaintiff, the anticipated volume of documents responsive to Plaintiff's FOIA request is not a necessary factor in evaluating whether Defendant is facing exceptional circumstances or is entitled to a stay of proceedings.[4] In addition, the length of the requested stay in this case largely reflects the amount of time for processing the FOIA requests pending ahead of Plaintiff's in ALFOI's Complex Track queue, not the time for identifying, reviewing, and redacting documents responsive to Plaintiff's request. See Binkley Decl. ¶¶ 19, 21, 31. However, even if Plaintiff's allegation had merit, it is based on a flawed assumption.

ALFOI placed portions of Plaintiff's FOIA request in two of its FOIA queues. Item numbers one, two, three, and five are pending in the Complex Track and item number four is pending in the complex sub-queue of the Adverse Event Track. Binkley Decl. ¶ 29. Plaintiff

---

[3] Defendant does not concede that Plaintiff's clarification of item number four "has substantially narrowed the amount of documents it seeks" (Pl. Opp. Stay at 11) or has substantially decreased the resources required for processing. The portion of Plaintiff's request pending in ALFOI's Complex Track will require a significant amount of time to process because of the volume of documents to be searched and the complexity of information protected or prohibited from disclosure. See Binkley Decl. ¶ 31.

[4] Plaintiff also suggests that CBER should not have a large volume of responsive documents because other FDA components already have been able to search for and produce documents in response to its FOIA request. See Pl. Opp. Stay at 9. This notion not only misses the mark (for the reason discussed above), but it is also illogical. The volume of records provided by other FDA components in response to Plaintiff's FOIA request reflects neither the volume of responsive records in CBER's custody nor the resources necessary for CBER to produce responsive documents.

notes that ALFOI estimated that it will take a minimum of thirty months for Plaintiff's request to reach the front of the Complex Track. Pl. Opp. Stay at 8. According to Plaintiff, the fact that it does not want additional information responsive to item number four[5] (pending in the Adverse Event Track) should reduce the amount of time required for ALFOI to process the portion of its request pending in the Complex Track. Id. at 8-9. Plaintiff is wrong.

The Adverse Event Track (including its complex sub-queue) and the Complex Track are two separate, distinct queues. Binkley Decl. ¶ 8. When ALFOI calculated its estimate of the time needed to finish processing Plaintiff's FOIA request, it did not include any additional time for processing item number four even though Plaintiff had not yet determined whether it wanted additional information responsive to that portion of the request. Binkley 2d Decl. ¶¶ 12-13. The stay estimate was based solely on the amount of time anticipated for processing the portions of Plaintiff's request pending in the Complex Track. Id.

ALFOI approached its stay calculation in this manner for two reasons. First, the complex sub-queue of the Adverse Event Track moves faster than the Complex Track, meaning that the Complex Track would need to form the basis for the length of the stay. Binkley 2d Decl. ¶ 13. Second, the ALFOI reviewers generally assigned to process requests pending in the Complex Track typically are not assigned to process requests or portions of requests pending in the Adverse Event Track. Id. Therefore, the progress of the reviewers managing the Complex Track would not be directly affected by any workload changes in the Adverse Event Track.

---

[5] The additional information would have consisted of actual adverse event reports in addition to the adverse event listing already provided.

In sum, Plaintiff's opposition is insufficient to overcome Defendant's showing of exceptional circumstances and its justification for the requested duration of the stay.

### C. Responses to Plaintiff's FOIA Request by Agency Components Support Defendant's Showing of Due Diligence in Processing FOIA Requests.

Plaintiff's argument that FDA has not shown due diligence in processing its FOIA request is similarly unavailing. Each agency component processing Plaintiff's FOIA request has been responsive to Plaintiff's request to the extent possible, while maintaining a first-in first-out processing system. That approach is the very definition of due diligence.

CBER regulates the product that is the subject of Plaintiff's FOIA request and, thus, is the most likely agency component to have responsive documents. For that reason, DFOI forwarded Plaintiff's request to CBER's ALFOI within one business day of receiving and logging in the request. See Sadler Decl. ¶ 12; Binkley Decl. ¶ 29. Since receiving the request from DFOI, ALFOI has been responsive to Plaintiff's request to the extent possible, while maintaining a first-in first-out processing system. See Binkley Decl. ¶¶ 29-32. In this way, ALFOI has met the due diligence requirement for an Open America stay. See, e.g., Appleton, 254 F. Supp. 2d at 9-10 (examining FDA's due diligence in processing plaintiff's FOIA request on a first-in, first-out basis); Edmond v. United States Attorney, 959 F. Supp. 1, 3 (D.D.C. 1997) (stating that the process of handling requests on a first-in, first-out basis is a sufficient showing of due diligence).

Plaintiff argues that Defendant's "piecemeal responses" by other FDA components is evidence of a lack of due diligence. Pl. Opp. Stay 9-10. On the contrary, FDA's diligence and good faith efforts in processing Plaintiff's FOIA request is supported by the fact that seven other FDA components have already responded to Plaintiff by providing either responsive documents

or a "no documents" letter.[6]  Defendant continues in its mission to locate and provide all responsive documents.

It is not unusual for agency components processing the same FOIA request to respond to a requester at different times.  Processing rates among components vary in part as a result of differences in the volume and complexity of requests pending in their respective FOIA queues.  Each component proceeds as quickly as it can to produce documents in response to a FOIA request regardless of the position of the request in other agency components' FOIA queues.  See 21 C.F.R. § 20.43 (authorizing each agency component to implement particularized FOIA processing queues).  If, during the course of processing a FOIA request, it becomes apparent that another FDA component to which the request has not been routed may have responsive documents, DFOI will then forward the request to that component.  Sadler Decl. at ¶ 13.  When a later-identified component receives the FOIA request from DFOI, the request is placed in the appropriate queue in that component in an order consistent with the date the request was originally received by FDA.  See, e.g., Granger Decl. at ¶ 6.

### D.   The Court Should Stay the Proceedings on an Agency-Wide Basis.

Plaintiff's allegation that Defendant seeks a stay for only one FDA component – CBER – and, therefore, the "case is clearly ready to proceed with respect to 8 out of 9 FDA components" (Pl. Opp. Stay at 10), is also without merit.  Because three of the nine FDA components

---

[6] Three of the nine FDA components processing Plaintiff's FOIA request – Office of Chief Counsel, Center for Drug Evaluation and Research, and Office of Regulatory Affairs – did not locate any responsive documents.  Sadler Decl. ¶ 14.  A fourth component – Division of Dockets Management – produced documents from the agency's public docket.  See id.  As Plaintiff notes, three additional components – Office of Public Affairs, Office of the Executive Secretariat, and the Immediate Office of the Commissioner – have also produced documents.  Pl. Opp. Stay at 4.

processing Plaintiff's FOIA request did not locate any responsive documents, and another component produced documents from the agency's public docket, it is unlikely that there are any issues involving these components over which to litigate. See Sadler Decl. ¶ 14. Plaintiff raises no issues regarding two additional components that have produced documents. Furthermore, although Plaintiff notes that FDA's Office of Legislation has not provided a response to its FOIA request, a preliminary evaluation has been done, and the agency anticipates that a comprehensive search will be completed as soon as practicable. Granger Decl. At ¶¶ 7-8.

Plaintiff takes exception to the fact that, while two components are continuing to process its FOIA request and several other components have produced responsive documents, FDA seeks a stay of the proceedings so that the entirety of the request can be processed. See Pl. Opp. Stay at 2, 10. This argument ignores the very purpose of the Open America stay, which is intended to allow the agency time to complete the production without the need for intervention by the Court. Taking into consideration the workload burdens within the agency components processing Plaintiff's FOIA request, Defendant reasonably seeks a stay to coincide with the component (CBER) that is expected to take the longest to process the request. Plaintiff's attempt to resolve this matter by piecemeal summary judgment proceedings is unnecessary in light of the agency's continued attempts to provide Plaintiff with all responsive documents, and is counterproductive to the interest of judicial economy.

E.  **Plaintiff's Demand for a Vaughn Index is Premature.**

Finally, Plaintiff argues that it should not have to wait until FDA has processed its FOIA request in its entirety before it receives information on the agency's redactions to the Office of Public Affairs documents. Pl. Opp. Stay at 10-11. In fact, Plaintiff has already been informed by

9

the agency that it need not wait to receive such information.  In the cover letter to Plaintiff sent with responsive documents from the Office of Public Affairs, FDA notified Plaintiff that the agency was providing redacted documents in an effort to "facilitate the process of responding."  Letter from FDA to Plaintiff (Feb. 28, 2008), Tab F.[7]  FDA's letter stated that, if Plaintiff "would like FDA to reconsider any particular deletion, please let us know in writing at the address listed below within 30 days from the date of this letter."  The letter further stated that, if Plaintiff "request[s] further consideration and if the agency then formally denies your request for any or all of the previously-withheld information, you would have the right to appeal that decision" and "[a]ny letter of denial will explain how to make this appeal."  Plaintiff has yet to inform FDA that it seeks to have the agency reconsider any of its redactions.

Although Plaintiff argues that it should not have to wait three years for the adjudication of any claims of exemption in the Office of Public Affairs documents, see Pl. Opp. Stay at 10-11, any dispute over claims of exemption at this point is mere speculation.  In fact, as FDA stated in the cover letter accompanying the Office of Public Affairs documents, the redactions made to the documents are not formal denials, but rather preliminary determinations.  Letter from FDA to Plaintiff.  See 21 C.F.R. § 20.49(d) ("Minor deletions of nondisclosable data and information from disclosable records shall not be deemed to be a denial of a request for records").  Thus, disputed redactions may be resolved between the parties by the agency procedure described above or may be otherwise eliminated once CBER – the FDA component that regulates the product about which Plaintiff seeks records and likely has the most directly responsive or

---

[7] This document is also attached at Exhibit 1, page 1, to Plaintiff's Opposition to Defendant's Motion to Hold Plaintiff's Motion for Summary Judgment in Abeyance.

relevant documents – has completed processing Plaintiff's FOIA request. The opportunities for resolution obviate the need for immediate judicial involvement, and the proceedings in this case should be stayed on an agency-wide, not a component-specific, basis.

Respectfully submitted,

 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

Of Counsel:

JAMES C. STANSEL
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

CLAUDIA J. ZUCKERMAN
Associate Chief Counsel for Enforcement
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD 20857
301-827-3676

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,  )<br>  )<br>　　　　Plaintiff,　　　　　　)<br>  )<br>　　v.　　　　　　　　　　　　)<br>  )<br>U.S. FOOD AND DRUG　　　　)<br>ADMINISTRATION,　　　　　　)<br>  )<br>　　　　Defendant.　　　　　　)<br>_____) | Civil Action No. 1:07-cv-01776 (EGS) |

### DECLARATION OF LISA C. GRANGER

I, Lisa C. Granger, declare as follows:

1. I am a Supervisory Congressional Analyst, Office of Legislation, Office of the Commissioner, United States Food and Drug Administration ("FDA").

2. My responsibilities include, among other things, oversight of the requests made to FDA under the Freedom of Information Act ("FOIA") that are internally directed to the Office of Legislation.

3. The statements made in this declaration are based on my personal knowledge, information made known to me in my official capacity, and information available to me in my official capacity and about which I have become knowledgeable.

4. By request dated May 9, 2007, Judicial Watch, Inc. ("Judicial Watch") submitted to FDA a request under FOIA for agency records, from January 2004 to the present, concerning the following items: (a) correspondence between Merck and the FDA regarding the vaccine Gardasil; (b) correspondence between GlaxoSmithKline and the FDA regarding approval for the

vaccine Cervarix; (c) correspondence regarding any new drug application seeking approval for the prevention of human papillomavirus ("HPV") and/or cervical cancer; (d) reports to the FDA by consumers, health professionals and FDA regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine; and (e) third-party communications encouraging the approval of any or all vaccines for HPV.

5. The Office of Legislation received Judicial Watch's FOIA request (reference number 2007-4707) on October 19, 2007, from FDA's Division of Freedom of Information ("DFOI"), the agency's main FOIA office.

6. Judicial Watch's FOIA request has been pending in the Office of Legislation's FOIA queue based on the date the request was originally received by DFOI, which was May 10, 2007.

7. A preliminary evaluation of Judicial Watch's FOIA request has been conducted to identify the location of potentially responsive documents.

8. If the Office of Legislation locates documents responsive to Judicial Watch's FOIA request, they will be reviewed and redacted as soon as practicable, on a first-in, first-out basis.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

_____
Lisa C. Granger
Supervisory Congressional Analyst
Office of Legislation
United States Food and Drug Administration

Executed on April 2, 2008.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. FOOD AND DRUG )<br>ADMINISTRATION, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:07-cv-01776 (EGS) |

### SECOND DECLARATION OF JOANNE BINKLEY

I, Joanne Binkley, declare as follows:

1. I am the Deputy Director of the Office of Communication, Training and Manufacturers Assistance (OCTMA), Center for Biologics Evaluation and Research (CBER), United States Food and Drug Administration (FDA), in Rockville, Maryland. I am also the Acting Director of OCTMA's Division of Disclosure and Oversight Management (DDOM).

2. As Acting Director of DDOM, I have overall responsibility for the disclosure of documents officially maintained by CBER, the center in FDA that regulates biologic products such as blood, tissue, vaccines, and cellular and gene therapy. As the Deputy Director of OCTMA, my duties are to assist OCTMA's director in overseeing staff in three divisions -- DDOM, plus the Division of Manufacturers Assistance and Training, which provides assistance to manufacturers of CBER-regulated products and manages the Center's professional and management training program, and the Division of Communications and Consumer Affairs, which handles the Center's communication with the public and trade press. I have been the

Deputy Director of OCTMA and the Acting Director of DDOM since January 6, 2008. Prior to that date, I was the Director of DDOM for approximately eight and one-half years.

3. DDOM is composed of two branches, the Access Litigation and Freedom of Information Branch (ALFOI) and the Congressional and Oversight Branch (COB). ALFOI is responsible for redacting for disclosure CBER-maintained documents in response to: (a) Freedom of Information Act (FOIA) requests; (b) litigation-related document requests; (c) web-posting obligations in the 1996 Electronic Freedom of Information Act Amendments (EFOIA); (d) web-posting obligations in the Federal Advisory Committee Act (FACA); and (e) other requests that do not fit within any of the previous categories. Litigation-related document production covers disclosure in response to discovery requests, third-party subpoenas, and court orders to fulfill FOIA requests.

4. The statements made in this declaration are based on my personal knowledge, information made known to me in my official capacity, and information available to me in my official capacity and about which I have become knowledgeable.

5. This declaration is the second declaration I have submitted in this case. I signed the first declaration on February 28, 2008. The purpose of this declaration is to provide additional information on the calculation of the estimated amount of time needed to process plaintiff's FOIA request, which I provided in the first declaration.

6. In paragraph 31 of the first declaration, I stated that the best current estimate of time needed to process plaintiff's FOIA request was at least thirty-eight months -- a minimum of thirty months for plaintiff's request to reach the front of the Complex Track, a minimum of four months to search for, collect, review for responsiveness, redact, and conduct a quality control check on

2

the redactions, and a minimum of four months to bates-stamp, create a Vaughn Index, and conduct a quality control review on the Vaughn Index. I also stated that the time necessary for processing item number 4 of plaintiff's request, pending in the Adverse Event Track/complex sub-queue, was accounted for in the calculation.

7. FOIA requests for CBER-maintained documents are forwarded to ALFOI from FDA's Division of Freedom of Information (DFOI) in the Office of Management Programs, Office of Commissioner, FDA. ALFOI places each request in one (or more) of seven queues of pending requests, based on the complexity and subject matter of the requested documents.

8. ALFOI received plaintiff's FOIA request, reference number 07-4707, from DFOI on May 10, 2007, and placed portions of it in two queues, where it is currently pending. Items numbers 1, 2, 3 and 5 are assigned to the Complex Track, and item number 4 is assigned to the complex sub-queue of the Adverse Event Track.

9. In a letter dated May 14, 2007, ALFOI provided a partial response to plaintiff's FOIA request. The response partially addressed item number 4 of the request, i.e., "Reports to the FDA by consumers, health professionals and FDA regulated companies made to the Vaccine Adverse Event Reporting System regarding problems with the HPV vaccine." ALFOI's partial response included a CD-ROM that contained a summary line listing from the Vaccine Adverse Event Reporting System (VAERS) database for all reports for HPV vaccine (Gardasil) up to the date the search was run, i.e., May 11, 2007.

10. I stated in paragraph 29 of the first declaration that I had been informed that defendant's counsel contacted plaintiff's counsel on February 6, 2008, to clarify whether plaintiff was requesting actual adverse event reports in item number 4 of the FOIA request, in addition to

the line-listing of adverse events already provided. As of the date I signed the first declaration, I was not aware whether plaintiff had responded to the request for clarification.

11. I have been informed by defendant's counsel that plaintiff's counsel responded that plaintiff does not want additional information responsive to item number 4 it its request.

12. Plaintiff's clarification of item number 4 does not change in any way the estimated processing time, which remains at a minimum of thirty-eight months from the end of February 2008, when I signed the first declaration.

13. When I calculated the estimate of the time needed to finish processing plaintiff's FOIA request, I did not include any additional time for processing item number 4. The stay estimate was based only on the amount of time anticipated for processing the portions of plaintiff's request pending in the Complex Track.

   A. The Complex Track needs to form the basis for the length of the stay because that queue moves slower than the complex sub-queue of the Adverse Event Track.

   B. The reviewers assigned to process requests pending in the Complex Track generally are not assigned to process requests or portions of requests pending in the Adverse Event Track.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

*/s/ Joanne Binkley*
Joanne Binkley
Deputy Director, Office of Communication, Training and Manufacturers Assistance
Acting Director, Division of Disclosure and Oversight Management
Center for Biologics Evaluation and Research
Food and Drug Administration
Department of Health and Human Services

Executed on April 2, 2008.



DEPARTMENT OF HEALTH & HUMAN SERVICES

Food and Drug Administration
Rockville, MD 20857

DEE GROTHE
JUDICIAL WATCH INC
501 SCHOOL ST SW STE 500
WASHINGTON DC 20024

02/28/2008

In Reply refer to:
2007-4707

Dear Requester:

This is in reference to your request(s) for record(s) from the Food and Drug Administration (FDA) pursuant to the Freedom of Information Act (FOIA).

MERCK - GARDASIL; GLAXOSMITHKLINE - CERVARIX RPTS, CORR, VAERS, ETC

The enclosed records were located in the Office of Public Affairs and constitute the complete response from that component. Other agency components will respond with additional responsive records under separate cover. Certain material has been deleted from the records furnished to you because a preliminary review of the records indicated that the deleted information is not required to be publicly disclosed and that disclosure is not appropriate. FDA has taken this approach to facilitate the process of responding to you. If you dispute FDA's preliminary determination and would like FDA to reconsider any particular deletion, please let us know in writing at the address listed below within 30 days from the date of this letter. If we do not receive a response in that time period, we will consider the matter closed. If you do request further consideration and if the agency then formally denies your request for any or all of the previously-withheld information, you would have the right to appeal that decision. Any letter of denial will explain how to make this appeal.

The following charges for this request to date may be included in a monthly invoice:
  Reproduction   Search   Review   Fiche   Other   Total

Reproduction=$0.00   Search=$0.00   Review=$0.00   Fiche=$0.00   Other=$0.00   Total=$0.00

All communications concerning this request should be identified with the reference number above and addressed as follows:

    Food and Drug Administration
    Freedom of Information Staff, HFI-35
    5600 Fishers Lane (Room 6-30)
    Rockville, MD 20857

Sincerely Yours,

Theola Myo Khin
Freedom of Information Specialist

Enclosures:
  if indicated