UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
JUDICIAL WATCH, INC.           )
                               )
          Plaintiff,           )
                               )
                               )    Civ. No. 07-1776(EGS)
     v.                        )
                               )
UNITED STATES FOOD AND DRUG    )
ADMINISTRATION,                )
                               )
          Defendant.           )
_____)
```

**ORDER**

Plaintiff Judicial Watch, Inc. brings this case against the U.S. Food and Drug Administration under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that Defendant has failed to timely produce requested documents. Pending before the Court is Defendant's Motion to Stay, Plaintiff's Motion for Summary Judgment, and Defendant's Motion to Hold In Abeyance.

Defendant asks the Court to stay proceedings in this case pursuant to *Open America v. Watergate Special Prosecution*, 547 F.2d 605 (D.C. Cir. 1976). Though FOIA requires an agency that has received a request for records to respond to that request within twenty working days, 5 U.S.C. § 552(a)(6)(A), if the Government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C.

§ 522(a)(6)(C)(I). As defined by this Circuit in *Open America v. Watergate Special Prosecution*, exceptional circumstances exist when the agency meets the following criteria: (1) the agency is deluged with a volume of requests for information "vastly in excess" of that anticipated by Congress; (2) the agency's existing resources are inadequate to deal with the volume of such requests within the time limits set forth by FOIA; and (3) the agency can show that it is exercising due diligence in processing the request. *Open America*, 547 F.2d at 616.

Courts in this circuit have interpreted this "exceptional circumstances" provision as excusing any delays encountered in responding to a request as long as the agencies are making good-faith efforts and exercising due diligence in processing requests on a first-in, first-out basis. *Appleton v. F.D.A.*, 254 F. Supp. 2d 6, 10 (D.D.C. 2003) (citing *Open Am.*, 547 F.2d at 616; *Ohaegbu v. Fed. Bureau of Investigation*, 936 F. Supp. 7, 8 (D.D.C. 1996) (citing *Kuffel v. Bureau of Prisons*, 882 F. Supp. 1116, 1127 (D.D.C. 1995))).

Based on the detailed affidavits Defendant submitted in support of its Motion, the Court finds Defendant has carried its burden with respect to Plaintiff's request for documents from the Center for Biologics Evaluation and Research ("CBER"). Defendant's declarations demonstrate good-faith efforts and due diligence in CBER's handling of Plaintiff's request on a first-

in, first-out basis, which is sufficient basis to justify a stay. *See Appleton*, 254 F. Supp. 2d at 10.  The Court finds that Defendant is making reasonable progress on the backlog of pending requests, which it has reduced approximately 34%, from an estimated 659 requests pending at the end of 2004 to an estimated 432 requests pending at the end of 2007.  Brinkley Decl. ¶ 26.  Defendant also represents that it has implemented several measures to further reduce the FOIA backlog, such as hiring additional personnel when possible and improving processing time through the use of new information technology systems.  *Id.* ¶ 27.  The Brinkley declaration indicates that there are currently 100 pending requests in the Complex Track queue ahead of Plaintiff's and that based on average processing times, Plaintiff's request should be at the front of the queue within 30 months.  Defendant then estimates that the search itself will take four months and the redaction and compilation of a Vaughan index will take an additional four months.

Defendant's declarations pertain only to the CBER component of FDA and do not aver that exceptional circumstances exist within any of the other eight components to which Plaintiff's request has been referred. Accordingly, Defendant's Motion is **GRANTED IN PART** with respect to the CBER component of the FDA only.  Defendant's Motion is **DENIED** with respect to all other components of the FDA.  Defendant shall continue to expeditiously

process Plaintiff's request for documents in non-CBER components.

It is **FURTHER ORDERED** that proceedings in this case with respect to **CBER only** are stayed until **APRIL 27, 2009**; and it is

**FURTHER ORDERED** that at the conclusion of the stay, if exceptional circumstances continue to prevent Defendant from processing Plaintiff's request, Defendant shall move the Court for an appropriate extension of the stay and provide supporting affidavits.

It is **FURTHER ORDERED** that Defendant shall file a status report with the Court on **OCTOBER 27, 2008** detailing any progress made on Plaintiff's request and providing an updated prediction of when the CBER portion of Plaintiff's request may be processed.

It is **FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED WITHOUT PREJUDICE.** Plaintiff is directed to refile its Motion, if it chooses to do so, in light of the recent document production from other FDA components and the Court's ruling on Defendant's Motion to Stay.

It is **FURTHER ORDERED** that Defendant's Motion to Hold in Abeyance is **DENIED AS MOOT.**

    SO ORDERED.

**Signed:**    **Emmet G. Sullivan**
              **United States District Judge**
               **April 29, 2008**